UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DENT WALKER, et al.** | : | **CIVIL ACTION NO. 22-cv-730** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **PINNACLE ENTERTAINMENT, INC., et al.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by plaintiffs Dent Walker and Juanita Walker (collectively, "plaintiffs"). Doc. 8. The motion is unopposed and defendant PNK (Lake Charles) L.L.C. ("PNK") consents to remand. No response was filed on behalf of defendant Pinnacle Entertainment, Inc., the parent company of PNK. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court.

Plaintiffs filed suit against defendants on February 4, 2020, in the 14th Judicial District Court, Calcasieu Parish, Louisiana. Doc. 7, p. 1. Plaintiffs seek damages for an alleged slip and fall accident that occurred at the L'auberge Casino in Lake Charles, Calcasieu, Louisiana, on March 30, 2019. *Id.* at pp. 1-3. Defendant PNK, who is alleged to be the owner and/or operator of the L'auberge Casino, removed this suit on March 18, 2022, asserting diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1.

Plaintiffs filed a Motion to Remand on April 13, 2022. Doc. 8. In their motion, plaintiffs put forth evidence of a stipulation signed by plaintiffs which states that the total amount of all claims does not exceed $75,000. *Id.* at att. 4. Defendant PNK filed a response to the motion to

remand, indicating that it does not oppose plaintiffs' motion on account of the stipulation and consents to remand. Doc. 10. Considering the lack of opposition and the fact that it is defendants' burden to establish that federal jurisdiction exists,[1] we recommend that plaintiffs' motion to remand be **GRANTED** and that the instant case be remanded to the 14th Judicial District Court, Calcasieu Parish, Louisiana.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 31st day of May, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).